## Tom Mills v. The State.

### No. 3019. Decided November 2, 1904.

**Local Option—Charge of the Court—Special Defense.**

Where the State's case tended to show that appellant sold a bottle of whisky to prosecutor who afterwards paid him a dollar for it, but the defendant claimed under the evidence that he told prosecutor who asked him for a drink, to go and get it out of his bottle, and that defendant afterwards met him and prosecutor paid him a dollar on a former account, for which he received credit, the court should have submitted defendant's requested charge, to acquit, if the jury believed defendant's theory of the case.

Appeal from the County Court of Delta. Tried below before Hon. J. F. Holmes.

Appeal from a conviction of violating the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*Stell & Hatcher,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment fixed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

Appellant assigns as error the action of the court overruling his motion for continuance. This cannot be considered in the absence of a bill of exceptions.

Appellant complains of the refusal of the court to give his special requested instruction. Said special instruction is, as follows: "The court charges the jury that, if they believe from the evidence in this case, that defendant accepted from the witness Haynes Mitchell one dollar on the day he is charged to have sold whisky to said witness, and that defendant received such money as payment on the former indebtedness then the defendant would not be guilty as charged, and you should so find." In view of the facts in this case, we believe said charge should have been given by the court. This charge embraces substantially all the defenses set up by appellant. The State's case tended to show that appellant sold a bottle of whisky to the witness Haynes Mitchell, and that Mitchell afterwards paid him one dollar. According to the State's theory, Mitchell met defendant in the street, and asked him if he had anything to drink. Defendant said he had some down at Broaddus' meat-market, in his grip, and that he could go down there and get it; and that he went down there and got a quart, and afterwards met defendant on the street and gave him a dollar. He further testified that he did not owe appellant anything at the time. Appellant testified on this point that he lived at Paris, and had come over to Cooper to some sort of a picnic, and brought some whisky with him to drink and treat his friends; that he left his whisky in his grip at Broaddus' meat market; that he subsequently met prosecuting witness on the square in Cooper, and he asked defendant if he had anything to drink; and he told him he had some down at the beef-market, and that he could come down there and get him a drink; that he afterwards met him on the street and Mitchell gave him a dollar to be credited on his account, and he credited said dollar paid him by Mitchell on his account; that the account referred to was a dollar that Mitchell owed to Vess Mintor, at Paris, for whisky he had bought while appellant was working for Mintor. This testimony may not have seemed to the court trying the case, a reasonable or probable statement of the transaction; yet, this was a matter for the consideration of the jury and not for the court. The charge requested, perhaps should have been fuller, but as it was, it presented appellant's defense, and we believe should have been given to the jury, in order that they might determine the question of sale. If there was a sale, this dollar entered into the transaction and was a part of it. If it was paid on the account, and not for the whisky, then there was no sale. Or, if from appellant's standpoint, he regarded it as paid on that account, and he did not intend to sell a quart of whisky, but believed prosecutor only wanted a drink, and had only gotten a drink, then he was not guilty: at least he should have had the benefit of the charge requested on this subject.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*